UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TYRIE HENDERSON                                                                                    PLAINTIFF

V.                                                                       CIVIL ACTION NO. 2:13-cv-303-CWR-FKB

CAROLYN W. COLVIN
United States Social Security Administration                                              DEFENDANT

REPORT AND RECOMMENDATION

This social security benefits case is before the undersigned for a report and recommendation as to Plaintiff's Motion for Summary Judgment [11] and Defendant's Motion for an Order Affirming the Decision of the Commissioner [14].

**HISTORY**

Plaintiff's application for social security supplemental security income benefits, originally filed by his grandmother on his behalf, was denied initially and upon reconsideration. The claim was then denied by an Administrative Law Judge (ALJ) on August 16, 2012, [10] at 10-36,[1] and the Appeals Council on November 5, 2013. [10] at 1. Plaintiff was a minor at the time the application for benefits was filed, but turned eighteen before the ALJ's decision. [10] at 10. The ALJ, therefore, considered both whether Plaintiff was disabled before the age of eighteen and whether Plaintiff was disabled at eighteen. *Id.*

Plaintiff argues that the ALJ applied the incorrect legal standard in evaluating Plaintiff under Listing 112.05(D), erred in finding that Plaintiff did not meet or medically equal Listing

---

[1]Page references are to the record as numbered in the original administrative record.

112.05(D), and also erred in determining that Plaintiff did not meet or medically equal Listing 12.05(C). [12] at 2.

## STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988)*; Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld.

**LISTING 112.05(D)**

A child seeking supplemental security income (SSI) benefits is disabled within the meaning of the applicable law if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The burden rests upon the claimant throughout the process to prove disability.

The ALJ first analyzed the instant claim using the three-step process applied to claims brought on behalf of children. *See* 20 C.F.R. § 416.924. The ALJ determined that Plaintiff had not engaged in substantial gainful activity since the application date. [10] at 15. At the second step, the ALJ concluded that, under 20 C.F.R. § 416.924(c), Plaintiff had severe impairments of borderline intellectual functioning, attention deficit hyperactivity disorder, and specific learning disability. *Id.* The ALJ found that these impairments caused a significant limitation in Plaintiff's ability to work.[2] *Id.* At step three though, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled the listed impairments in 20 C.F.R. Part 404 Subpart P, Appendix 1.

The listings found at 20 C.F.R. Part 404 Subpart P, Appendix 1, set out certain impairments. If a claimant can show that he meets the criteria for one of them, he will automatically be found disabled without any further analysis by the ALJ. Plaintiff first argues that the ALJ applied the incorrect legal standard when considering Listing 112.05(D), the

---

[2] "Work" is part of the adult standard, not the child standard. The ALJ's mingling of the standards will be addressed *infra*.

applicable listing in this case with respect to whether Plaintiff was disabled as a child.

To meet or medically equal Listing 112.05(D), a claimant's impairment must satisfy the "diagnostic description in the introductory paragraph" (sometimes referred to as the "capsule definition") of Listing 112.05, and the criteria set forth in 112.05(D). 20 C.F.R. Part 404, Subpart P, Appendix 1, §112.00. The capsule definition of Listing 112.05 and the Listing 112.05(D) criteria state as follows:

> **112.05** *Intellectual disability*: Characterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, D, E, or F are satisfied. . . .
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant limitation of function . . . .

20 C.F.R. Part 404, Subpart P, Appendix 1, §112.05.

In his decision, the ALJ first correctly recited the language of Listing 112.05(D). [10] at 15-16. However, when the ALJ actually engaged in his analysis to determine whether Plaintiff met the listing, he stated

> the requirements in paragraph D are met if the claimant has a valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning, marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. . . .

*Id.* at 17. The above-quoted requirements applied by the ALJ in his analysis as to whether Plaintiff met Listing 112.05(D) are the requirements of Listing 12.05(D), a listing applicable to adults. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, §12.05(D). In this portion of the ALJ's decision, the ALJ clearly applied the wrong legal standard.

The Commissioner argues that this error by the ALJ was harmless, because although he "mislabelled" them as being the requirements of paragraph C of Listing 112.05, the ALJ actually applied the correct requirements of paragraph D of Listing 112.05 in an earlier portion of his decision. [15] at 4-5. Specifically, the Commissioner points this Court to the portion of the decision in which the ALJ stated the following:

> In terms of the requirements in paragraph C, they are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant *work-related* limitation of function.

[10] at 17 (emphasis added).

The ALJ, however, also misquoted Listing 112.05(D) in this portion of his decision. Listing 112.05(D) does not contain the word, "work-related," in its criteria. Rather, the "work-related" criteria is contained in Listing 12.05(C), another listing applicable to adults. 20 C.F.R. Part 404, Subpart P, Appendix 1, §12.05(C). Again, the ALJ applied the wrong legal standard.

The ALJ's findings in this portion of his decision are also problematic. Listing 112.05(D) has two criteria: (1) a valid verbal, performance, or full scale IQ of 60 through 70 (the "IQ requirement"); and (2) a physical or other mental impairment imposing an additional and significant limitation of function (the "physical or other mental impairment requirement").

As to the IQ requirement, the ALJ found that Plaintiff "does not have a valid verbal, performance, or full scale IQ of 60 through 70 . . . ." [10] at 17. However, Jan P. Boggs, Ph. D. administered the WAIS III during his evaluation of Plaintiff, and Plaintiff's scores included a verbal IQ of 66 and a full scale IQ of 68. [10] at 240. Neither Dr. Boggs nor the ALJ found these test results to be invalid. In fact, the ALJ commented that "Dr. Boggs was able to successfully administer an IQ test," and the ALJ used the test results in his evaluation of Plaintiff's claim. *Id.*

at 17. Nevertheless, the ALJ found that Plaintiff did "not have a valid verbal, performance, or full scale IQ of 60 through 70," despite Plaintiff's uncontested verbal IQ score of 66 and uncontested full scale IQ score of 68. This finding is not supported by substantial evidence.

As to the physical or other mental impairment requirement, the ALJ found that Plaintiff did not have "a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.* The Introduction to Listing 112.00 Mental Disorders for children explains that the physical or other mental impairment requirement of Listing 112.05(D) will be applied as follows: "For listings 112.05D and 112.05F, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it causes more than minimal functional limitations, *i.e.*, is a 'severe' impairment(s), as defined in § 416.924(c)." 20 C.F.R. Part 404 Subpart P, Appendix 1, 112.00 Mental Disorders. At step two, the ALJ found that Plaintiff had the following severe impairments, as defined in § 416.924(c): borderline intellectual functioning, attention deficit hyperactivity disorder, and specific learning disability. Accordingly, the ALJ's finding on the physical or other mental impairment requirement of Listing 112.05(D) appears to be inconsistent with his own previous finding.

Although it appears that Plaintiff may meet the criteria of 112.05(D), the inquiry as to whether Plaintiff meets the listing does not end there. In order to meet Listing 112.05(D), Plaintiff must meet the criteria under 112.05(D) *and* the capsule definition of 112.05, which requires a disability "[c]haracterized by significantly subaverage general intellectual functioning with deficits in adaptive functioning." 20 C.F.R. Part 404, Subpart P, Appendix 1, §112.05; *see* 20 C.F.R. Part 404, Subpart P, Appendix 1, §112.00A ("If an impairment satisfies the diagnostic description in the introductory paragraph and any one of the six sets of criteria, we will find that

the child's impairment meets the listing."). However, the ALJ never analyzed whether Plaintiff met the capsule definition of Listing 112.05. Since the ALJ did not apply the capsule definition, this case is incapable of full judicial review on this issue and must be remanded for evaluation of Plaintiff's claim under the full, correct legal standards set forth in Listing 112.05(D).[3]

### LISTING 12.05(C)

An adult seeking benefits must establish that he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Turning to the adult analysis, the ALJ found that Plaintiff had developed no new impairments since reaching eighteen, but also found under 20 C.F.R. §416.920(c) that since attaining age eighteen, Plaintiff has continued to have severe impairments. The ALJ then considered Plaintiff's impairments under the requirements of Listing 12.05 and found that he did not have an impairment or combination of impairments that meets or medically equals a listed impairment. [10] at 31.

The "diagnostic description in the introductory paragraph" (the "capsule definition") of Listing 12.05 and the Listing 12.05(C) criteria state as follows:

> **12.05 Intellectual disability:** Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e.,

---

[3] When determining whether Plaintiff had an impairment that functionally equaled the listings, the ALJ engaged in an extensive analysis of the record evidence in reference to Plaintiff's functional abilities. [10] at 19-31. Based on the recited evidence, it may be that Plaintiff would not meet the capsule definition of Listing 112.05. However, this Court does not have the liberty to affirm when the correct legal standard was not applied.

> the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied. . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; . . . .

20 C.F.R. Part 404, Subpart P, Appendix 1, §12.05.

> In his decision, the ALJ found as follows:
>
> In terms of the requirements in paragraph C, they are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

[10] at 32. These findings are problematic for the same reasons addressed above in relation to the ALJ's findings under Listing 112.05(D).

As to the IQ requirement, the ALJ found that Plaintiff "does not have a valid verbal, performance, or full scale IQ of 60 through 70 . . . ." *Id*. However, as stated above, this finding is not supported by substantial evidence. Plaintiff had a verbal IQ score of 66 and a full scale IQ score of 68 on the IQ test administered by Dr. Boggs, and the ALJ never found these scores invalid.

As to the physical or other mental impairment requirement, the ALJ found that Plaintiff did not have "a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.* The Introduction to Listing 12.00 Mental Disorders for adults explains that the physical or other mental impairment requirement of Listing 12.05(C) will be applied as follows: "For paragraph C, we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it significantly limits your physical or mental

8

ability to do basic work activities, *i.e.*, is a 'severe' impairment(s) as defined in §§ 404.1520(c) and 416.920(c)." 20 C.F.R. Part 404 Subpart P, Appendix 1, 12.00 Mental Disorders. As stated above, the ALJ found under 20 C.F.R. § 416.920(c) that since attaining age eighteen, Plaintiff has continued to have severe impairments. Accordingly, like his finding on the physical or other mental impairment requirement under Listing 112.05(D), the ALJ's finding on this criteria of Listing 12.05(C) appears to be inconsistent with his own previous finding.

As with the Listing 112.05(D) criteria, it appears that Plaintiff may meet the criteria of Listing 12.05(C). But, in order to meet Listing 12.05(C), a claimant must meet the Listing 12.05(C) criteria *and* the capsule definition of Listing 12.05, which requires "significantly subaverage general intellectual functioning with deficits in adaptive functioning . . . ." 20 C.F.R. Part 404 Subpart P, Appendix 1, 12.05; *see Randall v. Astrue*, 570 F.3d 651, 659 (5th Cir. 2009). However, as above, the ALJ never analyzed whether Plaintiff met the capsule definition of Listing 12.05. Therefore, this issue is also incapable of full judicial review and must be remanded for evaluation of Plaintiff's claim under the full, correct legal standards set forth in Listing 12.05(C).

## CONCLUSION

The ALJ failed to apply the full, correct legal standards to Plaintiff's claims under Listings 112.05(D) and 12.05(C). The ALJ never applied the exact criteria set forth in Listing 112.05(D) and failed to apply the capsule definitions of Listings 112.05 and 12.05. Further, the ALJ's findings on the IQ requirements of Listings 112.05(D) and 12.05(C) are not supported by substantial evidence, and his findings on the physical or other mental impairment requirements of these listings appear inconsistent with other findings in his decision. Accordingly, the

undersigned recommends that this case be remanded in order for the full, correct legal standards to be applied to Plaintiff's claims under Listings 112.05(D) and 12.05(C).

Based on the foregoing, the undersigned recommends that Plaintiff's motion [11] be granted in part and denied in part and that Defendant's motion [14] be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636.

Respectfully submitted on the 6th day of February, 2015.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE